IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRATAP CHANDAN, | : | |
| Petitioner, | : | No. 26-cv-0732-JMY |
| | : | |
| vs. | : | |
| | : | |
| JAMAL L. JAMISON, *et al*. | : | |
| Respondents. | : | |
| | : | |

## ORDER

**AND NOW**, this 10th day of February, 2026, upon consideration of Petitioner Pratap Chandon's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition (ECF No. 5), it is hereby **ORDERED** that the Petition (ECF No.1) is **GRANTED** as follows:

1. Petitioner is not subject to detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **2:00 p.m. ET on February 11, 2026**;

3. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or

emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner;

5.   The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

                                                                                                               **BY THE COURT:**

                                              */s/ John Milton Younge*
                                              **Judge John Milton Younge**

---

[1] For the purposes of resolving this Petition, the Government does not dispute Petitioner's presentation of the facts leading to his detention, including that Petitioner filed for asylum based on political persecution, that Petitioner's immigration case remains pending before the Immigration Court, that Petitioner has consistently complied with all ICE supervision and reporting requirements, and that Petitioner was nevertheless detained by ICE during a regular check-in. *See* ECF No. 5 at 4. The Government likewise does not make any claim that Petitioner is a danger to person or property or a flight risk.

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who are already in the United States pending the outcome of immigration proceedings. The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary. ECF No. 5 at 3 n.2 (referencing the more than 150 decisions in this district that have rejected the Government's position).

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. *See e.g.*, *Demirel*, 2025 WL 3218243; *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). The Petition, ECF No. 1, is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The sole out-of-circuit appeals decision adopting the Government' position is unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1, *4–*6 (5th Cir. Feb. 6, 2026).